UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS SWEEPING, LLC, a California Limited Liability Company, and JAY WELLS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION, AARON ASHCRAFT, ROXY ASHCRAFT, and Does 1 – 20, inclusive,<br><br>Defendants. | No. 2:21-cv-00728-MCE-KJN<br><br>**ORDER** |

In bringing the present action, Plaintiffs Wells Sweeping, LLC and Jay Wells ("Plaintiffs" or "Wells") seek damages from Defendant Capital One Bank (USA), N.A. ("Capital One") arising from Capital One's refusal to reverse allegedly unauthorized and/or fraudulent charges on business credit cards issued by Capital One to Plaintiffs.[1]

Plaintiffs' Complaint was filed in this Court on April 23, 2021. Federal jurisdiction is premised solely on a single claim, as alleged in the Third Cause of Action, for violation of the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, et seq. ("EFTA") and EFTA's implementing regulations at 12 C.F.R. §§ 1005.1 – 1005.20. The remaining fifteen

---

[1] Aaron Ashcraft, the former Wells employee allegedly responsible for incurring the charges, has also been named as a Defendant along with his wife, Roxy Ashcraft. A Clerk's Entry of Default against the Ashcrafts was taken on February 9, 2022. (ECF No. 29).

1

causes of action are premised on either state statutory or common law violations. Plaintiffs ask the court to exercise supplemental jurisdiction over those state claims under 28 U.S.C. § 1367.

Presently before the Court is Defendant's Motion to Dismiss (ECF No. 15) the Plaintiffs' April 29, 2021, First Amended Complaint.  That Motion to Dismiss, made pursuant to Federal Rule 12(b)(6) on grounds that none of Plaintiffs' causes of action state a viable claim against Capital One, is the first substantive filing made in this matter. With respect to the federal EFTA claim, Capital One argues that EFTA applies only to electronic funds transfers from a consumer account, and not to credit card transactions like those at issue in this lawsuit.  Capital One cites controlling Ninth Circuit authority confirming that EFTA "does not apply to credit-based transactions." Sanford v. MemberWorks, Inc., 625 F.3d 550, 560 (9th Cir. 2010).  By way of opposition to Defendant's Motion, Plaintiffs do not oppose dismissal of their EFTA claim, and agree to "voluntarily dismiss [the] cause of action without prejudice."  Pls.' Opp., 8:5-7.  That concession removes the only basis for maintaining this matter in federal court.

28 U.S.C. § 1367(a) permits federal court to exercise supplemental jurisdiction over state law claims provided those claims form part of the same case or controversy presented by the claim or claims falling within its original jurisdiction.  However, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997).  Indeed, the statute makes it clear that supplemental jurisdiction may properly be declined under certain conditions, including where all claims conferring original jurisdiction have been dismissed.  28 U.S.C. § 1367(c)(3).  Although federal courts should look to considerations of judicial economy convenience, fairness and comity in assessing whether the exercise of supplemental jurisdiction is appropriate, when "federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988),

citing Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966); see also Pristavec v. Meno Holdings SPV, LP, No. 21-cv-04458-EMC, 2022 WL 888440 at *11 (N.D. Cal. March 25, 2022) (in the usual case, once federal claims have been disposed of in their entirety, declining to exercise jurisdiction over the remaining state-law claims is indicated, citing Cohill, 484 U.S. at 350 n. 7.)

     Here, Plaintiffs' failure to even oppose dismissal of the sole federal claim upon which federal question jurisdiction is premised indicates that claim was insubstantial. Moreover, the absence of any federal claim leaves only claims premised on state law to be adjudicated. That task is better left to California courts, particularly since this Court suffers from one of the highest weighted caseloads in the nation, which makes expeditious handling of pending litigation already problematic. Given the fact that the sole federal claim has been dismissed virtually at the onset of the case, this Court can discern no good reason to exercise supplemental jurisdiction at this juncture over the remaining fifteen state law causes of action and, in exercising its discretion, declines to do so. Plaintiffs' lawsuit is accordingly dismissed, without prejudice, and the Clerk of Court is directed to close the file.

     Because the Court has determined that the exercise of supplemental jurisdiction is not indicated under the circumstances, and given its dismissal without prejudice, Plaintiffs may refile their claims in the appropriate state court. Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999). In accordance with the provisions of 28 U.S.C. § 1367(d), any applicable statute of limitations as to Plaintiffs' state law claims are tolled during the period their lawsuit was pending in this Court, and for thirty (30) days following this dismissal, unless state law provides a longer period.

     IT IS SO ORDERED.

Dated: May 12, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE